UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD WAYNE EASTMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CAUSE NO. 3:15-CV-585-RLM-CAN |
| BIOMET, INC., ET AL., | ) ) ) |
| Defendants. | ) |

OPINION and ORDER

Donald Eastman filed suit against Biomet in an earlier case in this MDL, No. 3:14-cv-771. Mr. Eastman was represented by counsel in that proceeding, and stipulated to the dismissal of his case with prejudice after the parties reached a settlement. Mr. Eastman filed this second suit without counsel in the Western District of Arkansas, alleging that Biomet breached the settlement agreement by paying him only $25,000 instead of $200,000 without good cause to reduce his award. Biomet moved to transfer Mr. Eastman's second case to this MDL as a tag-along action, and the Judicial Panel on Multidistrict Litigation transferred the case over Mr. Eastman's objection.

Mr. Eastman moves for remand. Mr. Eastman argues that the Panel exceeded its statutory authority in transferring his second case, because his dispute with Biomet concerns only the amount of damages he is owed from his first case – the parties both consider the original case settled, and the only issue is whether Mr. Eastman is entitled to the default $200,000 figure contemplated

by the Master Settlement Agreement or the lower figure Biomet offered and Mr. Eastman accepted. Mr. Eastman insists that damages determinations aren't the type of "pretrial proceedings" the Panel is empowered to consolidate, and asks that I remand his case for a trial solely on damages.

I don't have the power to remand the case to Arkansas immediately, as Mr. Eastman wants. Once a case has been consolidated in an MDL, only the Panel can remand it back to the transferor court. *See* 28 U.S.C. § 1407(a) (providing that once consolidated, actions "shall be remanded *by the panel*") (emphasis added). The best a transferee judge can do is recommend remand to the Panel. *See* JPML Rule 10.1, 277 F.R.D. 480 ("Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel."). A transferee court's "suggestion of remand is typically given considerable weight." U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp., 498 F. Supp. 2d 25, 36 (D.D.C. 2007), citing In re Wilson, 451 F.3d 161 (3rd Cir. 2006); *see also* In re Holiday Magic Sec. & Antitrust Litig., 433 F. Supp. 1125, 1126 (Jud. Pan. Mult. Lit. 1977) ("In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings."). I construe Mr. Eastman's motion for remand as a motion asking me to suggest remand to the Panel.

As the party seeking remand, Mr. Eastman bear the burden of showing that remand is warranted. *See* In re Maxim Integrated Products, Inc., MDL No. 2354, No. 12-244, 2015 WL 1757779, at *3 (W.D. Pa. Apr. 17, 2015) (noting that "because pretrial proceedings have not concluded, [the movant] has the burden to demonstrate good cause to secure remand of its case"); In re S. Cent. States Bakery Products Antitrust Litig., 462 F. Supp. 388, 390 (Jud. Pan. Mult. Lit. 1978) (holding that the Panel "will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause," and declining to remand because movant "failed to make any such showing.").

In deciding whether to suggest remand to the Panel, a transferee court applies the same standards for remand the Panel would apply. *See* In re Bridgestone/Firestone, Inc., 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). Generally, this means that the transferee court asks "whether the case will benefit from further coordinated proceedings as part of the MDL." In re Ins. Brokerage Antitrust Litig., Civ. Nos. 04–5184, 05–5696, 2009 WL 530965, at *2 (D.N.J. March 3, 2009) (citing In re Bridgestone/Firestone, Inc., 128 F. Supp. at 1197). The purpose of pretrial consolidation or coordination is "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of such actions," 28 U.S.C. § 1407(a); accordingly, "the decision of whether to suggest remand should be guided in large part by whether one option

is more likely to insure the maximum efficiency for all parties and the judiciary." United States ex rel. Hockett, 498 F. Supp. 2d at 38 (internal citations omitted).

A suggestion of remand wouldn't be appropriate at this early point in the case. While Mr. Eastman characterizes his case as solely a dispute about the measure of damages he is owed, that doesn't appear to be quite right; Mr. Eastman executed a release of all his claims against Biomet as part of the settlement of his first case, and Biomet takes the position that this case must be dismissed entirely on that basis. Mr. Eastman insists that he modified the original release to reserve his right to contest the settlement amount. Liability under the Master Settlement Agreement – not just damages – is at issue, and pretrial proceedings such as dispositive motions may still be necessary. Mr. Eastman offers no reason to doubt the Panel's conclusion that his case satisfies the statutory criteria and "clearly falls within the MDL's ambit."

Continued consolidation serves the interests of judicial efficiency. Mr. Eastman's lawsuit depends entirely on the terms of the Master Settlement Agreement; because I oversaw the settlement process and have already ruled on similar enforcement disputes regarding the Master Settlement Agreement, I am more familiar with the agreement and the basis for Mr. Eastman's claims than the transferor judge would be. Fairness and uniformity are also best served by addressing Mr. Eastman's complaint in this court. Other parties seeking to interpret or enforce the terms of the Master Settlement Agreement have done so within this MDL, and remanding Mr. Eastman's case creates a risk that the

transferor judge and I might give the same written agreement divergent interpretations. As the Panel recognized in transferring Mr. Eastman's case, it's important that "disputes under the settlement agreement are decided consistently and that all MDL personal injury plaintiffs who elect to participate in the settlement agreement are treated similarly." (internal quotations omitted).

For these reasons, I DENY Mr. Eastman's motion for remand (Doc. No. 50).

SO ORDERED.

ENTERED:  April 11, 2016

                                             /s/ Robert L. Miller, Jr.
                                            Judge
                                            United States District Court